IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LITTERTORY McCALL and DOROTHEA VEGA, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | CASE NO. 3:08cv985-MEF |
| ANNETTE HOLTON DICKSON, et al., | ) ) | (WO - DO NOT PUBLISH) |
| DEFENDANTS. | ) ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on the Motion to Remand (Doc. # 8) filed on January 20, 2009. For the reasons that follow, it is hereby ORDERED that the motion is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

It is alleged that on November 14, 2006, Annette Holton Dickson ("Dickson") was operating a vehicle on a public roadway in Macon, County, Alabama. Dickson is alleged to have negligently or wantonly caused or allowed the vehicle she was operating to strike the vehicle occupied by Littertory McCall ("McCall") and Dorothea Vega ("Vega"). McCall and Vega allege that they suffered physical injury and emotional distress as a result of the collision.

On November 12, 2008, McCall and Vega filed suit against Dickson and certain fictitious defendants who are alleged to have been the owners of the vehicle Dickson was operating at the time of the collision in the Circuit Court of Macon County, Alabama. McCall and Vega sought an unspecified sum of punitive and compensatory damages.

After service, Dickson removed the action to this Court invoking its subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). In support of this removal, Dickson asserted upon information and belief that the Complaint seeks an amount greater than $75,000, exclusive of interest and costs. Dickson notes that the subject collision was a bad one and that occupants of the vehicle Dickson was operating did not survive the accident. She also outlines the types of damages that Vega and McCall seek in the Complaint. Additionally, Dickson seeks leave of Court to conduct discovery into the amount in controversy.

On January 20, 2009, McCall and Vega filed a motion to remand in which they stated that their claims are not in excess of $75,000, exclusive of interest and costs. For this reason, they submit that this Court lacks subject matter jurisdiction over this action. McCall and Vega have announced an intention to file an amended Complaint after remand specifically seeking less that $75,000. In response to the motion to remand, Dickson states that she does not object to remand if McCall and Vega are willing to limit their damages and the total amount they will ever expect to receive will be less than $75,000. Based on the representation of McCall and Vega, Dickson has indicated that she has no objection to the remand of this case.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear

by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). *Accord, Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007), *cert. denied,* 128 S. Ct. 2877 (2008) ("the party seeking a federal venue must establish the venue's jurisdictional requirements" and therefore removing defendants bear that burden in the context of a motion to remand). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Recently the Eleventh Circuit Court of Appeals provided significant clarification of "existing principles of law governing removal generally - who bears the burden of establishing that removal is proper, how that party can satisfy its burden, and how a district court must proceed in evaluating its jurisdiction after removal." *Lowery*, 483 F.3d at 1187. Although *Lowery* arose in the context of a removal pursuant to the Class Action Fairness Act

3

of 2005 ("CAFA"), it is quite plain from the text of *Lowery* that the holdings of the case are not limited solely to cases removed under CAFA. In *Lowery*, the Eleventh Circuit Court of Appeals reiterated that in cases, such as this one, where the complaint does not specify the amount of damages sought, "the removing party bears burden of establishing the jurisdictional amount by a preponderance of the evidence." 483 F.3d at 1208-09, 1210. The Court cautioned, however, that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Indeed, "in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff - be it the initial complaint or a later received paper- and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. The defendant and the court may not speculate about the amount in controversy, nor should "the existence of jurisdiction" be "divined by looking to the stars." *Id.* at 1215. Importantly, the *Lowery* court stated that it is

> highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice- without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of plaintiff's claims.

*Id.* at 1215. "When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come

4

from the plaintiff." *Id.* at1215.  Indeed, the *Lowery* court specifically rejected a removing defendant's attempt to satisfy its burden of proving amount in controversy by reliance on jury verdicts in other supposedly similar cases.  *Id.* at 1189, 1220-21.[1]  In the *Lowery* case, the Eleventh Circuit also stated that "[t]he defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists.  The natural consequence of such an admission is remand to state court."  *Id.* at 1217-18.

It is apparent to this Court that at this juncture Dickson does not have a sufficient factual basis for believing that subject matter jurisdiction exists.  Accordingly, the case must be remanded.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED as follows:

1.     The Motion to Remand (Doc. # 8) is GRANTED.

2.     This case is REMANDED to the Circuit Court of Macon County, Alabama.

3.     The Clerk is DIRECTED to take appropriate steps to immediately effect the remand.

DONE this the 17th day of February, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *Lowery* was not the first time the Eleventh Circuit Court of Appeals had stated that reliance on damages awards in other cases was insufficient. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC.*, 329 F.3d 805, 809 (11th Cir. 2003) ("mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the removing defendant's] assertion [that subject matter jurisdiction existed under § 1332] in this case.").